GLORIA GARCÍA RAMOS, Petitioner and Appellant, *v.* WARDEN, JAIL FOR WOMEN OF VEGA ALTA, Respondent and Appellee.

No. AP-63-32.     Decided March 11, 1964.

*Hernán Longoria* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: On April 17, 1963 a justice of the peace, after determining probable cause, ordered the arrest of Gloria García Ramos for a violation of § 137 of the Penal Code for having refused to testify before the prosecuting attorney in connection with the investigation of a murder case.

The defendant filed a petition for habeas corpus in the Superior Court, Mayagüez Part, alleging that her arrest and detention were illegal because (a) there was no probable cause for her arrest and detention and (b) the bond of $3,000 fixed by the justice of the peace was excessive. The writ was issued and a bail bond fixed for $1,000 was posted by defendant.

The original petition was amended. The amendment stated that the facts investigated by the prosecuting attorney referred to the death of Leopoldo Torres and that the persons accused of his death were Luis Alberto Vázquez and Dolores Vázquez, the latter being petitioner's husband; that the petitioner had testified once on the aforesaid facts and that the second time when she was summoned by the prosecuting attorney she refused to testify on advice of her counsel; that by reason of her refusal to testify her arrest was ordered by a justice of the peace and a bail bond fixed for $3,000, ordering her confinement in the Jail for Women in Vega Alta. As grounds for the illegality of her arrest and detention she alleged (1) that she was not bound to testify because she was a witness for the defense, (2) that her testimony was self-incriminating, (3) that to compel her to testify was a violation of the right of one spouse not to testify against the other, and (4) that there was no probable cause to deprive her of her liberty.

The Warden of the Jail for Women answered and alleged that the petitioner was summoned as witness by the prosecuting attorney on April 17, 1963 and following the instructions of her counsel she refused to answer the questions of the prosecuting attorney; that because of her attitude the

case was submitted to the justice of the peace, Víctor Tomás Ramírez, who proceeded to accuse her of a violation of § 137 of the Penal Code, ordering her commitment in the Jail for Women in Vega Alta and the same day she was released on bail. By stipulation of the parties and approval of the court the amended petition was considered as a reply to the return.

The hearing of the petition having been held on the merits, it was decided against the petitioner by a judgment denying the petition.

■ On appeal she assigns the commission of four errors. In the first error she alleges that the respondent did not comply with § 476 of the Code of Criminal Procedure because in the return he did not state whether he had the petitioner under his custody or power, or the authority for said custody or the cause. This contention is frivolous. These circumstances appear in the amended return filed by the respondent, as we have already stated.

■■ In the second error appellant discusses the absence of probable cause. Her contention is that no evidence was presented of probable cause at the hearing of the petition for habeas corpus. However, the record shows that it was alleged in the return that the petitioner was summoned as witness for the prosecuting attorney on April 17, 1963 and following the instructions of her counsel she refused to answer the questions made to her by the prosecuting attorney. In the reply to that return these statements were not denied but it was affirmatively alleged that the petitioner had refused to testify before the prosecuting attorney on instructions of her counsel. Thus, evidence on this fact was unnecessary. Even if it were decided, which we shall not do in this petition, that where petitioner's refusal to testify is proved, that fact by itself would not constitute probable cause for her arrest because, as she alleges in her third and fourth assignments, she was not bound to testify because

she was a witness for the defense, she was not offered the immunity she requested and furthermore she was the wife of one of the alleged authors of the murder, we would not pass to consider these contentions, inasmuch as the petitioner did not offer any evidence on the facts which would support these contentions. There only appears in the record a so-called "stipulation" as to the contents of the testimony of a police officer as witness for the petitioner. However, this testimony refers solely to what happened before the justice of the peace when the latter determined probable cause and ordered the arrest of the petitioner. That testimony does not tend to establish any of the basic facts on which she refused to testify before the prosecuting attorney.

The errors assigned not having been committed, the judgment rendered by the Superior Court will be affirmed.